| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE ALLEN SUPERIOR COURT |
| | ) SS: | |
| COUNTY OF ALLEN | ) | CAUSE NO. |

MICHELLE ALBERSON as parent and next of      )
friend of her minor daughter, "A.A."      )
      )
            Plaintiff,      )
      )
v.      )
      )
FORT WAYNE COMMUNITY SCHOOLS,      )
      )
      Defendant.      )

## COMPLAINT

The Plaintiff, Michelle Alberson as parent and next of friend of her minor daughter, "A.A."

alleges against Defendant, Fort Wayne Community School that:

1. This Complaint alleges a cause of action under Title IX of the Education
   Amendments of 1972 (Title IX) which provides an avenue of legal relief for victims
   of sexual abuse and harassment at educational institutions, as well as allegations of
   tort claim violations against Defendant Fort Wayne Community Schools.   See Tort
   Claim Notice (Redacted), attached hereto and made a part hereof as Exhibit A.

2. Defendant Fort Wayne Community Schools ("FWCS") is a municipal corporation
   which provides educational services to students and is located at 1200 South
   Clinton Street, Fort Wayne, Indiana 46802.   The present Superintendent of Fort
   Wayne Community Schools is Mark Daniel and his address is 1200 South Clinton
   Street, Fort Wayne, Indiana 46802.   The location of the events leading up to
   Plaintiff's Title IX claims was Northrop High School 7001 Coldwater Road, Fort
   Wayne, Indiana 46825.   The Registered Agent is David Amen and his address is
   1200 South Clinton Street, Fort Wayne, Indiana 46802.

**EXHIBIT B**

3.  Title IX allows Plaintiff a private right of action brought directly against Fort Wayne Community Schools and does not require the exhaustion of administrative remedies.

4.  The Plaintiff is Michelle Alberson, as parent and next of friend of her daughter, "A.A." who was sexually assaulted on March 5, 2019 in the school auditorium of Northrop High School.   A male student forced A.A. to perform oral sex on him, and he filmed/recorded the incident, and she consented neither to the sex act/assault or to the recording of the sex act/assault.   Thereafter, the perpetrator shared the sex video on social media, making the assault both a public display of obscene and pornographic imagery.

5.  On about March 7, 2019, Plaintiff Alberson met with Northrop High School Assistant Principal Shane Crager and notified him that A.A. had been assaulted and that a video of the assault was being distributed among students and shared on social media.

6.  On March 12, 2019, Assistant Principal Crager called A.A. to his office and notified her that he was suspended her from school for five (5) days for "sexual behavior." Assistant Principal Crager also told A.A. that he did not believe that she was sexually assaulted and did not believe that she did not realize that the assault was being filmed/recorded.

7.  FWCS/Assistant Principal Crager punished A.A. for being a victim of sexual assault and reporting and complaining about being assaulted and having a recording of the assault distributed on social media.

2

8.  A.A.'s male perpetrator was also suspended, but he was suspended for fewer days then A.A. (who was female) despite the fact that the male student was the perpetrator of the assault and the distributor of the pornographic video that he created.

9.  FWCS then accused A.A. of lying about the sexual assault, gave her a longer suspension then the male perpetrator, retaliated against her for reporting the sexual assault, and then on March 14, 2019, Northrop High School Principal Jason Witzigreuter notified Plaintiff that he was requesting that FWCS expel A.A. for "sexual behavior" -- even though he did not request the expulsion of A.A.'s male perpetrator.   Indeed, A.A. was expelled from Northrop in late March of 2019.

10. As a result of the discriminatory and retaliatory expulsion, A.A. was prohibited from returning to Northrop High School for classes or extra-curricular activities. Instead, A.A. was required to obtain her education as an alternative school, even though the male perpetrator was investigated by the local police and charged with crimes relating to the assault (Cause No. 02D07-1904-JD-315), and he was charged with distribution of pornography of a minor.   The male perpetrator received a sentence of ninety (90) days suspended with zero tolerance, one year probation, random drug testing, no contact with the victim, sex offender counseling, and other conditions.

11. Defendant FWCS is liable to the Plaintiff for violating Title IX for the reasons stated above and for the reasons stated in the Tort Claim Notice (Exhibit A).

12. FWCS is responsible for carelessly, negligently, and recklessly failing to properly

monitor and control the students and allowing them to engage in activities in an area of the school which was not supervised and where the assault occurred. FWCS then negligently and carelessly failed to take reasonable steps upon learning of the assault and violated the Equal Protection Clause by punishing the female victim more harshly than the male perpetrator, and punished her and retaliated against her for reporting the sexual assault as well as complaining about and reporting the crime of distribution of pornographic material by the male perpetrator.

13.   As a direct and proximate result of Defendant's violations of Title IX and the tort laws of the state of Indiana, Plaintiff suffered mental anguish, emotional distress, inconvenience, deprivation of educational opportunities, and other damages and injuries.   A.A. had to go through, and will continue to go through counseling to address her emotional trauma from the assault and the mistreatment she subsequently received from the Defendant.   Plaintiff seeks compensatory damages from Defendant FWCS.

WHEREFORE, Plaintiff respectfully prays for judgment against Defendant, for compensatory damages, cost of the action, reasonable attorney's fees and costs under Title IX, and for all other just and proper relief in the premises.

## JURY DEMAND

Pursuant to Rule 38(b) of the Indiana Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

Respectfully submitted,

**CHRISTOPHER C. MYERS & ASSOCIATES**

4

/s/Christopher C. Myers

Christopher C. Myers, #10043-02
809 South Calhoun Street, Suite 400
Fort Wayne, IN 46802
Telephone:      (260) 424-0600
Facsimile:      (260) 424-0712
E-mail:           cmyers@myers-law.com
*Attorney for Plaintiff*

Filed: 3/5/2021 4:34 PM
Clerk
Allen County, Indiana
BB

# CHRISTOPHER C. MYERS & ASSOCIATES

LAW OFFICES

809 S. Calhoun Street Suite 400 ● Fort Wayne, IN 46802

(260) 424-0600 ● (260) 424-0712

CHRISTOPHER C. MYERS
ILENE M. SMITH
LORI W. JANSEN

cmyers@myers-law.com
ismith@myers-law.com
ljansen@myers-law.com

June 6, 2019

Superintendent Wendy Robison, Ed.D.
Fort Wayne Community Schools
1200 South Clinton Street
Fort Wayne, Indiana 46802

Principal Jason Witzigreuter
Northrop Highschool
7001 Coldwater Rd,
Fort Wayne, IN 46825

## TORT CLAIM NOTICE

### Michelle Alberson on behalf of minor A.A. v. Fort Wayne Community Schools et.al.

To Whom It Concerns:

My law firm represents the Claimants Michelle Alberson and her daughter A.A. (█████████ ████████) in the above dispute.   This is their notice of tort claim to you.

**Circumstances Leading to the Loss**

Fifteen year old student A.A. is a sophomore at Northrop Highschool.   She has been subjected to discrimination, abuse and retaliation by Fort Wayne Community Schools in Fort Wayne, Indiana in violation of Title IX of the Education Amendments of 1972, 20 U.S.C. §§ 1681-1688; 34 C.F.R. §§ 106.31-106.43.   School personnel and administration additionally have been careless, negligent and reckless in failing to protect her against sexual assault and exploitation at the hands of a male student, and failing to provide appropriate and reasonable response once the sexual abuse and exploitation was discovered.

████████ is a 15-year-old high school sophomore attending Northrup High School, a public high school of Fort Wayne Community Schools, which is a public-school corporation and recipient of federal financial assistance located in Fort Wayne, Indiana.

On March 5, 2019, ████████ attended school at Northrup High School where she had been enrolled since her freshman year.   At the close of the school day, ████████ missed the school bus to take her home.  ████████ takes the school bus home because her mother works full time at a local hospital.   The girl's father died in 2018.

EXHIBIT
A

While trying to arrange for alternative transportation home on March 5, 2019, ███████ was approached by a male student, who is also a student at Northrup High School. The male student then lured ███████ into the school auditorium in an area of the room not easily viewed by bystanders. There were no staff monitoring or circulating in the immediate area of the assault or limiting student access to the area where the assault occurred.

There, and at that time, the male student forced (and/or through threat of force), made ███████ perform oral sex on him. Unbeknownst to the girl, this perpetrator also filmed the sexual assault. ███████ did not know the assault was being recorded because the perpetrator held her head down against his body while he was forcing her to perform oral sex. She never consented to the sex act/ assault, she never consented to the recording of the act, and she never consented to have a recording of the sexual assault displayed or distributed by anyone.

After the perpetrator assaulted ███████, ███████ went to the girl's bathroom to clean herself and to cry. She then left the bathroom to find transportation home.

Following the assault, the perpetrator shared the video of his assault on ███████ on social media, making the assault both a public display of obscene and pornographic imagery. The video was shared and viewed by the perpetrator's friends to satisfy his own and their perverted and prurient interests. The video of the assault was also viewed by numerous other students at Northrup High School as well.

That week, ███████ told her mother she had been assaulted her and that video of the assault was being distributed among students.

On March 7, 2019, Mrs. Alberson met with Northrup High School Assistant Principal Shane Crager. Mrs. Alberson notified Assistant Principal Crager that ███████ had been assaulted that week at the high school and that a video of the assault was being distributed among students.

On March 12, 2019, Assistant Principal Crager called ███████ to his office to notify her that he was suspending her from school for five (5) days for "sexual behavior." Assistant Principal Crager told ███████ that he did not believe that she had been assaulted. Assistant Principal Crager also told ███████ that he did not believe that she did not know she was being filmed while she was being sexually assaulted. Assistant Principal Crager told ███████ he thought she was lying because he did not think she was acting like a victim of sexual assault should act. Crager utterly lacked the factual basis, and lacked the training, experience and qualifications upon which to legitimately arrive at such a conclusion.

Assistant Principal Crager lacked factual basis to reject ███████'s report of sexual assault. Assistant Principal Crager discriminatorily punished ███████ for being a victim of sexual assault and not conforming to the stereotype of what he believed a sexual assault victim should be.

███████'s perpetrator was also suspended around this time, but for fewer days than ███████ was. This was in spite of him having perpertrated the assault, and having also

distributed his pornographic video that he created, of the assault.

Employees of Fort Wayne Community Schools accused ████████ of lying about her sexual assault and gave her a longer suspension than her perpetrator in retaliation against her for reporting her sexual assault at Northrup High School.

On March 14, 2019, Northrup High School Principal Jason Witzigreuter notified Mrs. Alberson that he was requesting that Fort Wayne Community Schools to expel ████████ from school.   Principal Witzigreuter notified Mrs. Alberson that he was seeking to have ████████ expelled from school for "sexual behavior".   Principal Witzigreuter notified Mrs. Alberson that he did not believe that ████████ was sexually assaulted.   Principal Witzigreuter also notified Mrs. Alberson that he did not believe that ████████ did not know she was being filmed while she was being sexually assaulted.   Principal Witzigreuter lacked factual basis to reject ████████'s report of sexual assault, and similarly lacked the training, personal experience, and any rational basis for rejection of the report   Principal Witzigreuter discriminatorily punished ████████ for being a victim of sexual assault and not conforming to the stereotype of what he believed a sexual assault victim should be.

Principal Witzigreuter did not request the expulsion of ████████'s perpetrator.   Instead, Principal Witzigreuter discriminatorily sought expulsion of ████████ the survivor of a sexual assault, and falsely, negligently, arbitrarily, and capriciously accused ████████ of lying about being assaulted, in retaliation against her for reporting the sexual assault.

████████, was expelled from Northrop in late March 2019.   She is now prohibited from returning to Northrop for classes or extra-curricular activities offered at the school.   Instead, now the girl is required to obtain her education at an alternative school.

The male student who sexually assaulted ████████ was investigated by the local police for unlawful distribution of sexually obscene materials of a minor under the age of 16.   Fort Wayne Community Schools is aware of this investigation.   This perpetrator recently pleaded guilty to the chage and is awaiting sentencing.   It is believed Fort Wayne Community Schools remains in possession of the unlawful images of ████████.

It is also believed that Fort Wayne Community Schools failed to make a timely report to law enforcement about the sexual assault as required by law.

The School employees and administration furthermore were careless, negligent and reckless in failing to properly monitor and control the student accessibility and activity in the area of the school where the assault occurred.   They then carelessly, negligently, capriciously and recklessly failed to take reasonable steps upon learning of the assault and instead of attempting to mitigate any further harm to ████████, chose instead to target her for punitive measures even above and beyond those imposed upon the perpetrator.

The school's employees and administration furthermore acted outrageously towards ████████, in discriminating against her and retaliating against her for reporting the sexual assault and unlawful creation and distribution of the images of the sexual assault.   Their conduct was careless, negligent, capricious, and in reckless disregard of ████████'s rights under Title IX, the

Fourteenth Amendment to the United States Constitution and 42 U.C.S. § 1983, as well as the laws and public polices of the state of Indiana.

### Extent of the Loss:

Mental anguish, emotional distress, inconvenience, and other damages and injuries. ██████ has had to go through counseling to address her emotional trauma from the assault, and from the mistreatment she subsequently received from the Respondents.

### Time and Place the Loss Occurred:

The assault occurred on March 5, 2019 on Northrop Highschool property.   The distribution of the unconsented to video recording of the assault began at the earlier on March 5, 2019 and continued thereafter. Given the nature of current internet and cell phone technology, it is unknown whether all copies of the pornographic recording have been removed from the internet and another venues of public and/or otherwise unauthorized access.

### Names of All Persons Involved (If Known):

A.A./ ██████████
Michelle Alberson
John Doe - perpetrator
Mr. Craiger- 10th grade assistant principal
Mr. Black- school police officer
Jason Witzigreuter - principal
Mr. Ratliff- 9th grade assistant principal
Miss Gerber – guidance counselor

### Amount of Damages Saught:

Claimants understand that there is a cap in Indiana on the amount of compensation that can be recovered on a state tort claim.   Claimants seek and amount within this cap and/or whatever a judge and jury would find reasonable.   The Claimants may also seek additional damages available under federal law.

### Residence of Claimant at the Time of the Loss and at the Time of the Filing of This Notice:

Claimants can be reached through their legal counsel: c/o Christopher C. Myers, Christopher C. Myers & Associates, 809 South Calhoun, Suite 400, Fort Wayne IN 46805.

Respectfully,
**CHRISTOPHER C. MYERS & ASSOCIATES**

Christopher C. Myers/ Ilene M. Smith

IMS/lk 6-6-19